THE M. J. KELLEY CO., APPELLEE, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as M. J. Kelley Co. v. Cleveland (1972), 32 Ohio St. 2d 150.]

(No. 72-69—Decided December 13, 1972.)

*Messrs. Simon, Haiman, Wertheimer, Litt & Friedman,*
*Mr. Irwin S. Haiman* and *Mr. Victor Wertheimer,* for appellee.

*Mr. Richard R. Hollington, Jr.,* director of law, and
*Mr. Robert McCarthy,* for appellants.

O'NEILL, C. J.   The question presented is whether an appeal may be taken to the Court of Common Pleas, under the provisions of R. C. Chapter 2506, from the action of the Board of Control approving the award of the contract.

R. C. 2506.01 provides, in part:

"Every final order, adjudication, or decision of any

officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located * * *.''

In holding that the board's action was not appealable under R. C. 2506.01, the trial court cited this court's decision in *Tuber* v. *Perkins* (1966), 6 Ohio St. 2d 155, 156, 216 N. E. 2d 877, wherein it was stated that R.. C. 2506.01 ''relates to appeals from administrative orders of such bodies; it does not provide for appeals from legislative bodies or from resolutions of administrative bodies promulgated in a delegated legislative capacity.''

The language contained in *Tuber*, quoted above, that R. C. 2506.01 ''relates to appeals from administrative orders,'' indicates that an administrative act is appealable. To the same effect, is paragraph three of the syllabus in *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1, 233 N. E. 2d 500, which reads:

''The failure or refusal of a municipal council to approve a plan for the resubdivision of land which meets the terms of a zoning ordinance already adopted and in existence is an *administrative act*, and an appeal from such failure or refusal to approve lies to the Court of Common Pleas under Chapter 2506, Revised Code.'' (Emphasis added.)

Section 4(B), Article IV of the Ohio Constitution, states, in part:

''* * * Courts of Common Pleas shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law.''

This section was interpreted by this court in the case of *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 257 N. E. 2d 371. Following the holding in *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, 41 N. E. 2d 369, which had interpreted similar language found in former Section 2 of Article IV of the Ohio Constitution, *Fortner* held, in paragraph one of the syllabus, that:

"The review of proceedings of administrative officers and agencies authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only."

Inasmuch as only quasi-judicial proceedings of administrative officers and agencies are now appealable pursuant to Section 4(B), Article IV, it follows that in order for an administrative act to be appealable under R. C. 2506.01 such act must be the product of quasi-judicial proceedings.

It, therefore, becomes necessary to ascertain whether the administrative action taken by the board here was the result of quasi-judicial proceedings.

In the case of *Englewood* v. *Daily* (1965), 158 Colo. 356, 361, 407 P. 2d 325, it was said that in deciding whether an act by an administrative agency is quasi-judicial the "* * * most common test is to determine whether the function under consideration involves the exercise of discretion and requires notice and hearing," all elements being required to constitute a quasi-judicial act.

In *Zangerle* v. *Evatt, supra* (139 Ohio St. 563), at page 571, Turner, J., stated that:

"* * * the various states, including Ohio, in establishing regulatory commissions, provided that the investigations by state boards and commissions should be in the nature of legal proceedings, including notice, hearing and opportunity to introduce testimony through witnesses. Thus these boards and commissions came to be known as possessing *quasi*-judicial functions."

Judge Williams, in a concurring opinion in *Zangerle*, noted that the term, quasi-judicial, "* * * signifies that the administrative boards from which an appeal may be taken act similarly to a court, to wit, witnesses are examined, a hearing is had and a finding or decision made all in accordance with statutory authority."

The board held a meeting at which, in the exercise of its discretion, it determined the "lowest responsible bidder." The board was not required to give advance notice

of the meeting to the bidders and bidders were not required to be present at such a meeting. The board was not required to take testimony or hold a hearing.

In fact, no notice had been given to the bidders of the meeting at which the board approved the bid, and the plaintiff agrees that the ''plaintiff-appellee was not present.'' There were no witnesses examined and no hearing held. Such a procedure obviously lacks elements which are essential to a quasi-judicial proceeding.

In view of our determination that it is only those administrative actions of administrative officers and agencies resulting from quasi-judicial proceedings which are appealable to the Court of Common Pleas under R. C. 2506.01, the action of the Board of Control herein approving the award, which did not result from quasi-judicial proceedings, is not appealable to the Court of Common Pleas under R. C. Chapter 2506.

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed for the reasons stated herein.

*Judgment reversed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.