STATE, EX REL. WEDGEWOOD 129 CORP. ET AL., APPELLANTS,
*v.* OLENICK ET AL., APPELLEES.
STATE, EX REL. THE KLW REALTY CO. ET AL., APPELLANTS,
*v.* OLENICK ET AL., APPELLEES.

(Nos. 72 C. of A. 58 and 72 C. of A. 59—Decided
March 30, 1973.)

APPEALS: Court of Appeals for Mahoning County.

*Messrs. Forrester & Kovanda* and *Mr. Ralph D. Kovanda,* for appellants.
*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. Dennis Haines,* for appellees.

LYNCH, P. J.   These two cases were consolidated because they involve similar questions. Both appeals involve mandamus cases which have been dismissed by the Court of Common Pleas of Mahoning County.
Plaintiffs are 38 real property owners represented by

Grogan Management, Inc., as agent, who filed complaints with the Mahoning County board of revision in February and March, 1972 for the year 1971. By letter dated April 5, 1972, defendant, Stephen R. Olenick as Mahoning County auditor wrote Grogan Management, Inc., that the complaints filed by it were being rejected because they did not comply with R. C. 5715.13 in that they did not "set forth and serve to the facts upon which it is claimed such decreases should be made," and that such complaints would not be submitted to the board of revision for hearing.

Each of the complaints are filed on board of revision form No. 1 as prescribed by the department of taxation, board of tax appeals of Ohio, and contained the name of the complainant, the permanent parcel number of the property, the location of the property, the taxing district, the current assessed value, the taxable value claimed and the decrease asked. The requested information under the heading "pertinent facts" was not answered, but there was a statement that "all other pertinent data substantiating this complaint of overvaluation will be presented at requested hearing."

Plaintiffs' first assignment if error is that the trial court erred in ruling that they had an adequate remedy in the ordinary course of law in Chapter 57 as well as R. C. Chapter 2506.

Chapter 5717 offers an alternate appeal from a decision of a county board of revision either to the board of tax appeals (R. C. 5717.01) or to the court of common pleas (R. C. 5717.05). Neither of these statutes are applicable to the instant case, because the action at issue was taken by the county auditor rather than the county board of revision.

*M. J. Kelley Co.* v. *Cleveland,* 32 Ohio St. 2d 150, held as follows:

"The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial pro-

ceedings are not appealable to the Court of Common Pleas under the provisions of R. C. 2506.01. * * *

"Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence." (Paragraph 1 and 2 of the syllabus.)

In the instant case, the action of the county auditor was done without notice, hearing or opportunity for the introduction of evidence. We hold that the action by the county auditor of refusing to submit a complaint of a taxpayer as to the assessment of real property to the county board of revision is a ministerial act that is not quasi-judicial and that it is not appealable under R. C. 2506.01.

Plaintiffs' second assignment of error is that the trial court erred in ruling that the county auditor had the right to dismiss their complaints without any action of the board of revision.

R. C. Section 5715.19 provides, in part, as follows:

"The county auditor shall present to the county board of revision all complaints filed with him * * *."

We hold that under R. C. 5715.19 the county auditor has a mandatory duty to present all complaints as to the valuation or assessment of real property to the county board of revision. As a member of the county board of revision he can consider whether a complaint is defective because incomplete, but he has no authority to do this in his individual capacity as county auditor.

The question of whether these complaints were defective because they were incomplete was not properly before the county auditor when he refused to present them to the board of revision, and they are not an issue in this case. Therefore, it is not necessary for us to consider plaintiffs' remaining assignments of error.

*Judgment reversed.*

DONOFRIO and O'NEILL, JJ., concur.