This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, June Brott and Pauline Franks, appeal from the decision of the Summit County Court of Common Pleas, which affirmed the decision of appellee City of Green Zoning Board of Appeals ("ZBA") concerning the issuance of a zoning certificate to appellee Gentzler Tool Dye Corporation ("Gentzler"). This Court affirms.
 I. {¶ 2} This case arose from Gentzler's submittal to the City of Green of an application to construct an addition to its existing building on land it purchased adjacent to its property. Gentzler is a manufacturing business which operates out of the existing building, located on a parcel of land that is zoned B-1, which the city has recognized is a valid, non-conforming use of that parcel under Green Zoning Regulations. Gentzler proposed to construct an additional building on the adjacent property it puchased to its business. Gentzler stated that the new building would be used for storage and office space, both permitted uses in the B-1 zoning district.
 {¶ 3} Gentzler prepared and filed a "Final Site Plan Review Application" with the City of Green Planning and Zoning Commission ("PZC") concerning its additional building construction request for the new property. Both appellants and appellees were notified that a hearing would be held concerning the application during PZC's February 21, 2001 meeting. Appellants were represented at the hearing by legal counsel. Gentzler was represented by its contractor, John Meyer of Freeman Construction. PZC concluded the hearing by conditionally approving Gentzler's addition proposal with a 4-0 vote.
 {¶ 4} On February 23, 2001, the City of Green sent John Meyer a written notice of PZC's decision to conditionally approve the space and office addition. A few days later, Gentzler requested the zoning certificate for the building addition. At that time, the zoning inspector denied the request because Gentzler had not yet met the conditions of the appoval per order of PZC. In the next months, Gentzler met the conditions of PZC's approval and again requested the zoning certificate for the building addition. On July 20, 2001, the zoning inspector issued the zoning certificate to Gentzler pursuant to PZC's approval because the conditions had been met.
 {¶ 5} Appellants' appealed the issuance of the zoning certificate to Gentzler to ZBA. The zoning superintendent responded to the appeal, stating that the addition was a permitted, conforming use and it complied with the current zoning code. On September 6, 2001, ZBA conducted a hearing on the appeal and both parties were represented by counsel during the hearing. ZBA concluded that the zoning inspector had the duty to issue the zoning certificate once Gentzler met the conditions of PZC's approval and the addition was a conforming use. ZBA further concluded that appellants had a duty to appeal PZC's February decision in court and did not do so, and also that ZBA did not have jurisdiction to review PZC's decision. As a result, ZBA denied appellants' request to overturn the issuance of the zoning certificate to Gentzler.
 {¶ 6} Appellants appealed the ZBA decision to the trial court with regard to ZBA's affirmance of the zoning certificate. Appellees filed a motion to dismiss the appeal. On March 5, 2002, the magistrate filed a decision denying appellees' motion to dismiss. Appellees timely filed objections to the magistrate's decision and upon consideration of the matter, the trial court adopted the magistrate's decision and ordered the parties to file briefs for the case. After reviewing the evidentiary materials and briefs of the parties, the trial court upheld ZBA's decision to affirm the issuance of the zoning certificate to Gentzler. The trial court specifically found that the BZA decision was supported by substantial, reliable, and probative evidence and was not unconstitutional, illegal, arbitrary, capricious or unreasonable.
 {¶ 7} Appellants timely appealed and set forth one assignment of error for review. Appellees filed a cross-appeal and set forth two assignments of error for review.
 {¶ 8} For ease of discussion, this Court will consider appellants' appeal.
 II. ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED WHEN IT AFFIRMED THE ISSUANCE OF A ZONING CERTIFICATE FOR AN ILLEGAL EXPANSION OF A NON-CONFORMING USE."
 {¶ 10} In their sole assignment of error, appellants argue that the trial court erred when it affirmed the issuance of a zoning certificate for an illegal expansion of a non-conforming use. This Court disagrees and finds that the issue is res judicata.
 {¶ 11} A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo.Davis v. Coventry Twp. Bd. of Zoning Appeals (Feb. 14, 2001), 9th Dist. No. 20085, citing Payne v. Cartee (1996), 11 Ohio App.3d 580, 586-587. With regard to decisions of city administrative agencies such as zoning commissions and zoning appeal boards, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transactions or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus; see, also, Davis, supra.
 {¶ 12} R.C. 2506.01 provides, in part:
 {¶ 13} "Every final order, adjudication, or decision of any *** commission *** of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located[.]"
 {¶ 14} R.C. 2506.01 defines a "final order, adjudication, or decision" of an administrative agency as follows:
 {¶ 15} "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority[.]"
 {¶ 16} R.C. 2505.07 provides that an appeal from a final order of an administrative commission must be perfected within thirty days from the entry of that decision.
 {¶ 17} Furthermore, the Ohio Supreme Court has held that only quasi-judicial proceedings of administrative officers and agencies are appealable to the court of common pleas under the provisions of R.C.2506.01. Kelley v. Cleveland (1972), 32 Ohio St.2d 150, paragraph one of the syllabus. Quasi-judicial proceedings are those that require notice, hearing and the opportunity for introduction of evidence. Id. at paragraph two of the syllabus.
 {¶ 18} In the instant case, Gentzler prepared and filed a "Final Site Plan Review Application" with PZC for an addition to be built onto the existing building on his property. The application came before PZC for hearing on February 21, 2001. Prior to that hearing, both appellants and appellees were properly notified of this hearing.
 {¶ 19} At the hearing, a staff report explaining the addition proposal was read and made part of the record of the meeting minutes. The staff recommendation to conditionally approve the addition was read and made part of the record of the meeting minutes. The members of PZC then made comments and asked questions of John Meyer and the Plan Director, Wayne Wiethe, with regard to the addition proposal. This discussion was also made part of the record of the meeting minutes. PZC then asked whether any other parties wanted to ask questions and make comments about the addition proposal. Counsel for appellants then questioned Mr. Wiethe about the proposal, specifically about whether variances were needed for the addition. This discussion of the facts was also made part of the record of the meeting minutes.
 {¶ 20} Counsel for appellants had the opportunity to object to the proposal and give reasons for their objections. PZC duly noted the objections and then made the decision, by a unanimous vote, to conditionally approve the addition proposal for a zoning certificate. Upon review of the facts and the applicable zoning regulations, PZC specifically stated that it found the use for the new addition to be a conforming use under the zoning regulations, and therefore did not require a use variance. Appellants' objection, PZC's unanimous vote, and its explanation for conditionally approving the addition were all made part of the record of the meeting as well. Furthermore, PZC also journalized its decision on February 23, 2001 and sent the same to John Meyer.
 {¶ 21} Given the above facts, this Court finds that PZC's February 21, 2001 hearing and decision to conditionally approve the addition is clearly a final decision from a quasi-judicial proceeding of an administrative agency appealable to the court of common pleas pursuant to R.C. 2506.01. See Kelley, 32 Ohio St.2d at paragraph one of the syllabus. Therefore, appellants' failure to timely appeal PZC's decision to the Summit County Court of Common Pleas bars this action under the doctrine of administrative res judicata.
 {¶ 22} Appellants' sole assignment of error is overruled.
 FIRST CROSS-ASSIGNMENT OF ERROR {¶ 23} "THE DECISION RENDERED BY THE PZC WAS A VALID AND FINAL JUDGMENT RENDERED BY AN ADMINISTRATIVE AGENCY."
 SECOND CROSS-ASSIGNMENT OF ERROR {¶ 24} "APPELLANTS['] FAILURE TO TIMELY APPEAL THE PZC DECISION TO THE SUMMIT COUNTY COURT OF COMMON PLEAS BARS THIS ACTION UNDER THE DOCTRINE OF ADMINISTRATIVE RES JUDICATA."
 {¶ 25} In their first assignment of error, appellees contend that the decision rendered by the PZC was a valid and final judgment by an administrative agency. In their second assignment of error, appellees argue that appellants' failure to timely appeal the PZC decision to the Summit County Court of Common Pleas bars this action under the doctrine of administrative res judicata.
 {¶ 26} This Court's disposition of appellants' appeal renders appellees' cross- assignments of error moot. See App.R. 12(A)(1)(c).
 III. {¶ 27} Accordingly, appellants' sole assignment of error is overruled. Appellees' two assignments of error are rendered moot. The judgment of the trial court is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR.