This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Patricia Bruns, appellant, appeals from the decision of the Medina County Court of Common Pleas, which ruled that it did not have jurisdiction to hear an appeal regarding Ms. Bruns' case. We affirm.
 {¶ 2} Ms. Bruns was employed as a police officer for the Village of Chippewa Lake ("the Village"). On November 12, 2001, she was appointed as Chief of Police by the then Mayor, William Schmock, and approved by the Village's Council. On February 3, 2002, Terry Biddle, Mayor of the Village, terminated Ms. Bruns from her position as Chief of Police and also terminated her employment with the police department. The Mayor orally cited three reasons for the termination. Ms. Bruns requested an appeal from her termination and a hearing before the Council. The Council allowed Ms. Bruns to make a statement during a regularly scheduled meeting on February 11, 2002, but did not take any action.
 {¶ 3} Ms. Bruns filed a notice of appeal from her termination to the trial court on February 21, 2002. The trial court dismissed the case because it found that it did not have subject matter jurisdiction to hear the appeal. It is from the trial court's decision that Ms. Bruns now appeals.
 {¶ 4} Ms. Bruns asserts one assignment of error:
 "THE TRIAL COURT ERRED BY DISMISSING PATRICIA BRUNS' APPEAL ON THE BASIS THAT THERE WAS NO JURISDICTION TO HEAR THE APPEAL."
 {¶ 5} In her sole assignment of error, Mr. Bruns asserts that the trial court erred in dismissing her appeal on the basis that it did not have subject matter jurisdiction. We disagree.
 {¶ 6} The Village is a statutory non-charter village. Accordingly, it is bound by the provisions of the Ohio Revised Code. R.C. 737.15 provides that each village shall have a chief of police, appointed by the mayor with the advice and consent of the authority of the village. R.C. 737.17 provides as follows:
 "All appointments made under sections 737.15 and 737.16 of the Revised Code shall be for a probationary period of six months' continuous service, and none shall be finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the mayor shall transmit to the legislative authority of the village a record of such employee's service with his recommendations thereon and he may, with the concurrence of the legislative authority, remove or finally appoint the employee."
 {¶ 7} R.C. 737.17.1 governs the procedures for removal of a chief of police. "[A] probationary [chief of police] who has not attained a final appointment pursuant to R.C. 737.17 is not entitled to the protection of R.C. 737.17.1 upon his dismissal." Prather v. Village of NewStraitsville (Feb. 19, 1981), 5th Dist. No. CA-299; see, also, Klein v.Village of Woodlawn (May 17, 1976), 1st Dist. No. C-75308. Where there is no requirement for notice, a hearing or the opportunity for the introduction of evidence, the proceedings of administrative officers are not quasi-judicial. The M.J. Kelley Co. v. City of Cleveland (1972),32 Ohio St.2d 150, paragraph two of the syllabus. Section 4(B), ArticleIV of the Ohio Constitution contemplates review of quasi-judicial proceedings of administrative officers only, "and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01." Id. at paragraph one of the syllabus.
 {¶ 8} In the present case, it is undisputed that Ms. Bruns was discharged during her six month probationary period. According to the above stated law, Ms. Bruns was not entitled to the quasi-judicial proceedings of R.C. 737.17.1 prior to her removal. Consequently, Ms. Bruns was not entitled to an appeal pursuant to R.C. 2506.01.
 {¶ 9} Ms. Bruns argues that, even if the Village was not required to comply with R.C. 737.17.1, the Village did not comply with the procedural requirements of R.C. 737.17 prior to her removal. Ms. Bruns avers that the Mayor alone does not have the authority to remove her without the concurrence of the Council pursuant to R.C. 737.17. Ms. Bruns argues that the required concurrence of the Council is a quasi-judicial proceeding which would be appealable pursuant to R.C. 2506.01. We disagree.
 {¶ 10} "The mayor of a village is empowered to discharge a probationary police officer at the end of a probationary period if a permanent appointment has not been made." Barker v. Village ofWaynesville (June 24, 1996), 12th Dist. No. CA95-10-098, fn. 3; see, also, Scarpelli v. Village of Put-In-Bay (June 30, 1995), 6th Dist. No. OT-94-037. This Court notes that in the case of Dillingham v. Village ofWoodlawn (1993), 86 Ohio App.3d 54, 59, the First Appellate District held that "the mayor may either remove or appoint the employee at the end of his probationary period, but that, in either case, he must gain the concurrence of council." However, this Court is persuaded by the reasoning of the Sixth Appellate District which stated that "[i]f we interpret the statute as providing that council must concur with the mayor's decision to discharge the officer, their discord would tie the mayor's hand regarding control of the police force." Scarpelli.
 {¶ 11} R.C. 737.17 does not require quasi-judicial procedures for the removal of a probationary chief of police; therefore, the trial court did not err in dismissing Ms. Bruns' appeal for lack of subject matter jurisdiction.
 {¶ 12} Ms. Bruns' assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.