CHARTON, Appellant,

v.

PIKE TOWNSHIP BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *Charton v. Pike Twp. Bd. of Zoning Appeals,*
164 Ohio App.3d 487, 2005-Ohio-6340.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005 CA 00032.

Decided Nov. 28, 2005.

Robert G. Rubin, for appellant.

John D. Ferrero, Stark County Prosecuting Attorney, and Deborah A. Dawson, Assistant Prosecuting Attorney, for appellees Pike Township Board of Zoning Appeals.

Rex W. Miller, Sheldon Berns, Benjamin Ockner, and Jordan Berns, for appellee Republic Services of Ohio II, L.L.C.

WISE, Judge.

{¶ 1} Appellant, Fred Charton, appeals the decision of the Stark County Court of Common Pleas that dismissed his R.C. Chapter 2506 appeal for lack of subject-matter jurisdiction. The following facts give rise to this appeal.

{¶ 2} On August 31, 2004, appellee Pike Township Board of Zoning Appeals ("BZA") granted appellee Republic Services of Ohio II, L.L.C. ("Republic") a 25-percent (25-acre) expansion of landfill acreage as a nonconforming use. This appeal is related to appeals filed in case Nos. 2004CA00326, 2004CA00395, and 2005CA00045. All of the facts surrounding these various appeals are stated in the related appeals and are incorporated by reference.

{¶ 3} Historically, the facts relevant to the case sub judice are as follows. Republic acquired the land at issue from its predecessor in 1984. At that time, the land was located in a district zoned R–1, R–2, and the landfill was being operated under a conditional-use permit. In 1991, the Pike Township Trustees ("trustees") revised the zoning ordinances to conditionally permit landfills only in districts zoned Industrial–1 or Industrial–2. Thus, it is asserted that due to the rezoning, the landfill operation on the 100 acres owned by Republic became a nonconforming use because it was not a use permitted or conditionally permitted in R–1, R–2 districts.

{¶ 4} However, in 1996, the trustees approved a zoning change that rezoned a total of 575 acres of the area where the landfill is located to General Industrial 1–2. In 2000, the trustees enacted a zoning resolution placing limits on the establishment of new landfills, including the location thereof, within eight miles of new or closed landfills.

{¶ 5} In the matter currently before the court, after the appellant filed an administrative appeal challenging the BZA's decision to grant a 25-percent expansion of the landfill, appellant filed a motion to compel the BZA to prepare and submit a transcript. The BZA responded that no transcript could be required because the proceedings where the 25-percent expansion was granted were not quasi-judicial. The BZA then moved for dismissal for lack of subject-matter jurisdiction. The trial court granted the BZA's motion on December 30, 2004.

{¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:

{¶ 7} "I. That the trial court erred, as a matter of law, in finding that it lacked subject matter jurisdiction to hear a Chapter 2506 administrative appeal from a decision rendered by the Pike Township Board of Zoning Appeals granting an application or appeal of Republic Services of Ohio II, LLC filed with the board of zoning appeals requesting authorization to expand a solid waste landfill (which was the holder of a conditional use permit limited to 100 acres) by a twenty-five percent (25%) or twenty-five (25) acre area increase.

{¶ 8} "II. That the trial court erred in prematurely dismissing the Chapter 2506 administrative appeal of the appellant—Fred Charton, on grounds of lack of subject matter jurisdiction, before the record and transcript of proceedings before the board of zoning appeals, as required to be furnished pursuant to Section 2506.02 of Ohio Revised Code and which had been duly requested by praecipe filed by the appellant—Fred Charton, had first been filed with the court.

{¶ 9} "III. The trial court erred in dismissing the appellant's Chapter 2506 administrative appeal upon motion of the Pike Township Board of Zoning Appeals for dismissal for lack of subject matter jurisdiction, without setting said motion for an oral or non-oral hearing and holding a hearing for determination of said motion under Civil Rules 12(B), 12(C) and/or 56.

{¶ 10} "IV. The trial court erred by in effect granting a summary judgment or judgment on the pleadings based upon the naked and unsupported assertions made by counsel for the township, without benefit of any record and without considering and construing the notice of appeal filed by appellant in a manner most favorable to the appellant; and thereby erred by in essence improperly granting a default summary judgment or default judgment on the pleadings, which is impermissible and contrary to law."

## II

{¶ 11} We will address appellant's second assignment of error first, because we find it dispositive of this matter on appeal. In this assignment of error, appellant maintains that the trial court erred when it prematurely dismissed his administrative appeal for lack of subject-matter jurisdiction before the record and transcript of the proceedings were filed with the trial court. We agree.

{¶ 12} In support of its motion to dismiss appellant's administrative appeal, the BZA argued that the meeting at which it granted the 25–percent expansion of the landfill was not a quasi-judicial hearing, and, therefore, there was no transcript to file with the trial court. The BZA also argued that because no quasi-judicial hearing was conducted on Republic's request for expansion, the trial court lacked jurisdiction to hear appellant's administrative appeal.

{¶ 13} The trial court agreed with the BZA's argument, concluding, "Nothing in the Ohio Revised Code nor the duly adopted Pike Township Zoning Resolution requires that a public hearing be held to approve an application for twenty-five percent expansion of a prior non-conforming use. Therefore, a R.C. 2506 appeal is not available herein, and this Court must dismiss the appeal for lack of subject matter jurisdiction."

{¶ 14} Appellant argues that because the trial court acted prematurely by dismissing his administrative appeal, there was no way for the court to make any meaningful determination regarding its own jurisdiction. Appellant further maintains that had the trial court granted his motion to require preparation and submission of the transcript and record, at a minimum, it would have had, for its consideration, the following: (1) the application filed by Republic requesting a permit to expand the Countywide Landfill by 25 percent or by 25 acres, as a pre-existing nonconforming use; (2) any drawings, plans, supporting statements, or other documents offered by Republic accompanying its application; (3) the notices and publications made by the BZA in order to give public notice and notice to parties-in-interest of the public hearing; (4) the written opinion submitted by the Stark County Prosecutor to the BZA; (5) the transcript of the brief hearing conducted by the BZA; (6) the decision made by the BZA; and (7) the notice of appeal and praecipe filed by appellant requesting preparation and filing of the record and transcript of proceedings before the BZA.

{¶ 15} Having reviewed the record in this matter and, specifically, the opinion from the Stark County Prosecutor's Office, we agree that the trial court prematurely dismissed appellant's administrative appeal, because we find that an issue exists as to whether the BZA properly considered Republic's request for a 25–percent expansion as a nonconforming use as opposed to a conditional use. In its judgment entry granting the motion to dismiss, the trial court cited case law that provides, "Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing, and the opportunity for the introduction of evidence." See *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562.

{¶ 16} Prior to dismissing appellant's appeal, the trial court should have determined whether the BZA properly addressed Republic's request for a 25–percent expansion as a nonconforming use. We agree that if the BZA properly addressed Republic's request for the 25–percent expansion as a nonconforming use, there is no requirement for notice, hearing, and the opportunity for the introduction of evidence. We further agree that appellant would not be entitled to appeal the BZA's decision.

{¶ 17} However, if the BZA should have addressed Republic's request as a conditional-use permit, the proceeding would be considered quasi-judicial, and

appellant would have been entitled to notice, hearing, and the opportunity to present evidence. Thus, in considering Republic's motion to dismiss, the trial court should have considered whether the BZA erred when it did not conduct a quasi-judicial hearing when it granted Republic's request for expansion.

{¶ 18} Accordingly, we remand this matter to the trial court for the court to make this determination. Appellant's second assignment of error is sustained. We will not address the merits of appellant's first, third, or fourth assignments of error, because they are moot based upon our disposition of appellant's second assignment of error.

{¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BOGGINS, P.J., and GWIN, J., concur.