GAINES, Appellant,

v.

**COLUMBUS CIVIL SERVICE COMMISSION, Appellee.**
</div>

[Cite as *Gaines v. Columbus Civ. Serv. Comm.*, 182 Ohio App.3d 576, 2009-Ohio-2662.]

<div align="center">

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–971.

Decided June 9, 2009.
</div>

Jeffrey L. McClelland, for appellant.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Alan P. Varhus, Assistant City Attorney, for appellee.

SADLER, Judge.

{¶ 1} Appellant, Daryl Stephen Gaines, appeals from the judgment of the Franklin County Court of Common Pleas, in which that court dismissed for lack of subject-matter jurisdiction appellant's appeal from the decision of appellee, the city of Columbus Civil Service Commission, in which appellee dismissed appellant's appeal from the termination of his employment.

{¶ 2} The undisputed factual and procedural history follows. On or about June 1, 2007, appellee selected appellant to fill the position of Refuse Collection Vehicle Operator (Manual). The position was temporarily vacant because the worker who normally held the position was recovering after sustaining an industrial injury. The record contains a form bearing both parties' signatures, entitled "Limited Employment Information." The signatures are dated June 1, 2007.

{¶ 3} The form states, "Your appointment to your new position has been designated with a 'limited' employment type. This means that your appointment to and continued service in the position is subject to the condition indicated below." Below this language are four boxes, each with a different condition stated next to it. The box that is checked is situated next to the following language: "Completion of a set period of time in which the work is to be completed, or notice of termination, whichever occurs first; Time Period: 9 months or return of injured worker." Just above the parties' signatures, the form contains the following language: "At such time as the limited condition is met, you will be terminated from the position. This will not be regarded as a layoff or disciplinary action and you will not have the associated appeal rights under Commission Rules."

{¶ 4} Civil Service Commission Rule X(F)(1), entitled "Limited Appointment," states:

When it is necessary to fill a vacancy created as a result of granting a leave of absence to a regular employee, to fill a vacancy * * * for a limited position created in accordance with Rule IV(D)(3), the appointing authority may make

an appointment in accordance with these rules with the condition that the employment will not exceed the duration of such leave, work, project or period.

(a) Upon return of the regular incumbent to the original position at any time the services of the limited employee shall be automatically terminated without regard to the procedures contained herein for layoffs (Rule XII) or disciplinary removals (Rule XIII).

{¶ 5} On March 6, 2008, at the conclusion of the nine-month period of the appointment, appellant was terminated. On March 14, 2008, appellant appealed. Appellee reviewed the appeal and then, by letter dated April 29, 2008, dismissed it without a hearing, advising appellant that its rules do not permit an appeal from a termination of a limited appointment. Pursuant to R.C. 2506.01, appellant appealed to the Franklin County Court of Common Pleas. Appellee filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), arguing that the court lacked subject-matter jurisdiction over appellant's appeal because the decision from which he appealed was not quasi-judicial in nature.

{¶ 6} In response, appellant filed a memorandum opposing the motion, along with a five-page affidavit relating to his background, the circumstances surrounding his employment, and his belief that he had acquired a property interest in the position from which he had been terminated. He argued that because he was a permanent, full-time employee, he could not be terminated without notice and a hearing. For support of this proposition, he pointed to language in another of his contract documents that indicated that he was granted an "original appointment" with a probationary period of 270 days. In its reply, appellee argued that appellant did not acquire a property interest in his continued employment because he was aware from the outset that his original appointment was a limited appointment of nine months' duration.

{¶ 7} The court dismissed appellant's appeal by decision dated September 4, 2008, and a final judgment entry was journalized on October 6, 2008. The court found that appellant had been given a limited original appointment to work full time for a period of nine months or until the return of the injured worker he was replacing. The court determined that the appointment was not for permanent employment and did not confer upon appellant a property right to continued employment. As such, the court found that appellee was not entitled to a hearing upon termination. The court also found that because it had not conducted a hearing procedure, appellee's action was not quasi-judicial in nature and, therefore, the court lacked subject-matter jurisdiction over the appeal.

{¶ 8} Appellant timely appealed to this court and advances one assignment of error as follows:

The Court below committed error in sustaining Appellee's Motion to Dismiss on the basis that the Court lacked subject matter jurisdiction of Appellant's appeal because Appellant did not have a property right in his continued employment with Appellee and because the Decision the subject of Appellant's appeal was not quasi-judicial in nature.

{¶ 9} We review de novo a trial court's decision to dismiss an action for lack of subject-matter jurisdiction. *Gonzales v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP–567, 2009-Ohio-246, 2009 WL 154271, ¶ 6. In such a case, the question of law is whether the plaintiff has alleged any cause of action that the court has authority to decide. Id. R.C. 2506.01 provides for appeals from decisions of agencies of political subdivisions. However, that power extends only to orders resulting from quasi-judicial proceedings. *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 51 O.O.2d 35, 257 N.E.2d 371. As such, only those administrative actions arising out of quasi-judicial proceedings are appealable pursuant to R.C. Chapter 2506. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, paragraph one of the syllabus. The test to determine whether an administrative action is a quasi-judicial proceeding is whether the proceeding meets the requirements for notice, hearing, and the opportunity for introduction of evidence. Id. at paragraph two of the syllabus.

{¶ 10} The city of Columbus is a charter municipality. "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. The Supreme Court of Ohio has held that "municipal charter and ordinance provisions enacted under the power of local self-government prevail over state statutes." *Ohio Assn. of Pub. School Emps., Chapter No. 471 v. Twinsburg* (1988), 36 Ohio St.3d 180, 182, 522 N.E.2d 532. "It is well-settled in Ohio that regulation of city civil service is within the powers of local self-government." Id. at 182–183, 522 N.E.2d 532.

{¶ 11} "If notice and a hearing were not required at the administrative level, then appellant has no ground on which to appeal since the original decision he is appealing from would not have been rendered in a quasi-judicial proceeding." *Sebest v. Campbell City School Dist. Bd. of Edn.*, 7th Dist. No. 00–CA–272, 2002-Ohio-3467, 2002 WL 1483917, ¶ 8. In this case, appellee's rules do not require it to hold a hearing on an appeal from the termination of an employee under a limited appointment, and it did not hold a hearing on appellant's appeal. Accordingly, appellee's decision to dismiss the appeal was not quasi-judicial and, therefore, the court of common pleas was without jurisdiction over appellant's appeal.

{¶ 12} Appellant also argues, however, that his right to due process was violated because he had a property right to continued employment in his position and he was deprived of that right without a hearing. The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that no state shall "deprive any person of life, liberty, or property, without due process of law." "A two-step analysis is used when considering a claim that due process rights were violated. First, a court must determine whether the claimant has a right or interest that is entitled to due process protection. Second, if the claimant was deprived of such a right or interest, the court must determine what process is due." *McDonald v. Dayton* (2001), 146 Ohio App.3d 598, 767 N.E.2d 764.

{¶ 13} "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id. In this case, it is clear that appellant was made aware at the beginning of his appointment that the appointment was of limited duration and that he would be terminated at its expiration and would not be afforded a right to appeal. Moreover, Civil Service Commission Rule X(F)(1)(a) does not create a property right in continued employment for appointments such as appellant's; rather, it clearly provides for automatic termination at the expiration of the limited appointment, with no right of appeal. For these reasons, appellant cannot claim that he was deprived of due process of law when appellee did not afford him a hearing.

{¶ 14} For all of the foregoing reasons, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

FRENCH, P.J., and TYACK, J., concur.