[Cite as *Pack v. Wilmington*, 2014-Ohio-446.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| JACOB PACK, | : | |
| Appellant, | : | CASE NO. CA2013-08-015 |
| | : | O P I N I O N |
| - vs - | | 2/10/2014 |
| | : | |
| CITY OF WILMINGTON, | : | |
| Appellee. | : | |


APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVF20130204


Hapner & Hapner, Jon C. Hapner, 127 North High Street, Hillsboro, Ohio 45133, for appellant

Blaugrund, Herbert, Kessler, Miller, Myers & Postalakis, Stephen P. Postalakis, David S. Blaugrund, 300 West Wilson Bridge Road, Suite 100, Worthington, Ohio 43085-2279, for appellee


**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, Jacob Pack, appeals a decision of the Clinton County Court of Common Pleas dismissing his appeal from a decision rendered by the city of Wilmington Civil Service Commission (commission) for lack of subject matter jurisdiction. For the reasons outlined below, we affirm the dismissal of Pack's appeal.

{¶ 2} Pack was initially hired by the city as a refuse collector, and he served in this

capacity for approximately three years. After a vehicle operator was promoted in June 2009, Pack's supervisor informally assigned Pack to fulfill tasks of the promoted employee's former position. When Pack was assigned to this position, he was also given a ten percent pay raise because he was working outside of his classification. The commission did not approve Pack's appointment as a vehicle operator or the increase in pay.

{¶ 3} In September 2012, the human resources director for the city requested that the commission upgrade Pack's pay scale from that of a refuse collector to that of a vehicle operator. The commission approved the increase. However, because there was never a competitive exam to fill the vehicle operator position, other employees filed a grievance. As a result, the commission rescinded Pack's pay scale increase and ordered that a competitive exam be held.

{¶ 4} Three individuals, including Pack, took the competitive exam for the vehicle operator position. Pack received the highest score on the examination. Nevertheless, another person was appointed to fill the vehicle operator position. Pack, upset that he was not appointed to fill the vehicle operator position, filed an appeal with the commission. The commission considered Pack's appeal without a hearing and notified Pack via letter dated March 21, 2013 that his appeal was denied.

{¶ 5} Pack appealed the decision of the commission to the Clinton County Court of Common Pleas. The city moved to dismiss Pack's appeal for lack of subject matter jurisdiction. In ruling on the city's motion, the Clinton County Court of Common Pleas determined that R.C. 119.12, the general statute regarding administrative appeals, provides that subject matter jurisdiction lies with the Franklin County Court of Common Pleas for nondisciplinary matters. The court further determined that R.C. 124.34(B), the statute dealing with the reduction, suspension, and removal of classified government employees, allows for administrative appeals in the county in which the appointing authority is located

(here, Clinton County) only when the matter being appealed from involves disciplinary matters. Finally, the court held that actions of administrative officers and agencies can only be appealed under R.C. 2506.01, the statute allowing appeals from any agency of any political subdivision, if the appeal is the result of a quasi-judicial proceeding.

{¶ 6} Because Pack's appeal constituted a nondisciplinary administrative appeal that was not quasi-judicial in nature, the Clinton County Court of Common Pleas held that Pack's appeal should have been filed in the Franklin County Court of Common Pleas. Consequently, the court found that it lacked subject matter jurisdiction to consider his appeal. Pack now appeals and asserts one assignment of error for review:

{¶ 7} THE [CLINTON COUNTY COURT OF COMMON PLEAS] ERRED IN DISMISSING THIS APPEAL FROM THE CIVIL SERVICE COMMISSION.

{¶ 8} Pack argues that his appeal was proper in the Clinton County Court of Common Pleas under R.C. 2506.01, which provides in part:

> (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.
>
> (B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

Nevertheless, the Ohio Supreme Court has stated that the court of common pleas does not have jurisdiction to hear administrative actions of administrative officers and agencies that are not the result of quasi-judicial proceedings under the provisions of R.C. 2506.01. *M. J. Kelley Co. v. City of Cleveland*, 32 Ohio St.2d 150 (1972), paragraph one of the syllabus. *Id.* A quasi-judicial proceeding requires notice, a hearing, and the opportunity to introduce

evidence. *Id.* at paragraph two of the syllabus. *See also Monroe v. Smith*, 12th Dist. Warren No. CA84-08-050, 1985 WL 8152, *3 (Jan. 28, 1985) ("Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing, and the opportunity for the introduction of evidence"). Consequently, to determine whether Pack was entitled to appeal to the Clinton County Court of Common Pleas pursuant to R.C. 2506.01 we must decide whether quasi-judicial proceedings were required in this instance.

{¶ 9} Pack concedes that there was no notice or hearing in this matter, but asserts the failure to conduct such proceedings was error because of the requirements set forth in Chapter 5 of the city's "Municipal Civil Service Commission Civil Service Rules" (civil service rules). Chapter 5 of the civil service rules is entitled "Procedures and Requirements for Hearings Before the Civil Service Commission." Rule 5-02 of the civil service rules states that the commission shall set a time and place for an appeal when there is "a timely appeal from an order of removal or reduction in pay or position, or suspension for more than three (3) working days * * * " and "shall notify the appropriate appointing authority as well as the employee * * *." Such procedures were not followed in this case. The city argues that Chapter 5 of the civil service rules does not apply because Pack's failure to be appointed to a vehicle operator position was not disciplinary in nature. While Pack concedes that the action was not disciplinary in nature, he asserts that Chapter 5 of the rules of the civil service commission is not restricted to disciplinary matters as the terms "reduction," "suspension," and "removal" have meaning outside of the disciplinary context. We agree with the city's argument.

{¶ 10} In promulgating the civil service rules, the commission utilized R.C. 124.40, which states that "[t]he procedure applicable to reductions, suspensions, and removals, as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities." The sections of the civil service rules that require notice, a hearing, and an opportunity to

present evidence utilize the terms "reduction," "suspension," and "removal."[1] Such language mirrors language used in R.C. 124.34, which only applies to disciplinary actions. *See Turner-Brannock v. Ohio Bur. of Emp. Servs.,* 15 Ohio App.3d 134, 137 (12th Dist.1984). The definitional section of the civil service rules also defines the terms "suspension" and "removal" by either referencing disciplinary measures or R.C. 124.34. Clearly the terms "reduction," "suspension," and "removal" as utilized within Chapter 5 of the civil service rules have disciplinary connotations.

{¶ 11} Furthermore, other civil service rules within Chapter 5 indicate that Chapter 5 distinctively applies to disciplinary measures. Rule 5-06 requires the appointing authority, at the required hearing, "produce its evidence in support of the charges against the employee." Rule 5-07 of the civil service commission specifically refers to disciplinary actions by requiring the appointing authority to prove "the factual allegations in a disciplinary order" and mandates a "pre-disciplinary conference." It is evident that Chapter 5 of the civil service rules applies to disciplinary matters.

{¶ 12} Additionally, Pack argues that Chapter 5 of the civil service rules applies to him as he had become a classified employee entitled to its protections after working as a vehicle operator provisionally for a period of two years. However, Pack was not provisionally appointed to the vehicle operator position. Rather, he was assigned the duties by his direct supervisor instead of being appointed by the appropriate appointing authority and having such appointment approved by the commission, as required by Rule 14-02 of the civil service rules.[2] Furthermore, under R.C. 124.271, in order to become a permanent employee, a

---

1. Rule 5-01(B) of the civil service states that the employee bears the burden of establishing that an alleged reduction, removal, or suspension has occurred. Rule 5-02 of the civil service states that the commission shall set a time and place for an appeal when there is "a timely appeal from an order of removal or reduction in pay or position, or suspension for more than three (3) working days * * * " and "shall notify the appropriate appointing authority as well as the employee * * *."

2. Rule 14-02 of the civil service rules states: "Selection of persons to be appointed on a provisional basis in the

person must be appointed to position under R.C. 124.30 and demonstrate merit and fitness by meeting certain criteria.[3] In this instance, Pack was not appointed by the appointing authority under R.C. 124.30, and there is no indication that the appointing authority requested a competitive examination prior to Pack filling the position. When a competitive examination was held sometime after September 2012, the commission was permitted by law to appoint any person eligible to the vehicle operator position as there were fewer than 10 eligible persons. R.C. 124.27.

{¶ 13} Finally, we note that Pack's notice of appeal does not argue a "reduction," "suspension," or "removal" disciplinary action. Rather, Pack argues in his notice of appeal that it was a "displacement from the position [of] vehicle operator" and was appealing pursuant to R.C. 124.328. "It is well-established that a party cannot raise new issues or legal theories for the first time on appeal." *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2011-01-001, 2012-Ohio-2250, fn. 3.

{¶ 14} In light of the foregoing considerations, we find that the provisions of Chapter 5 of the civil service rules relied on by Pack do not apply to this matter as such provisions only apply to disciplinary matters. Proceedings in this instance were not quasi-judicial, nor were quasi-judicial proceedings required. Consequently, the Clinton County Court of Common Pleas did not err in finding it lacked subject matter jurisdiction to hear Pack's appeal and that the Franklin County Court of Common Pleas was the proper court with jurisdiction to hear Pack's appeal. Pack's sole assignment of error is, therefore, overruled.

---

absence of a complete eligible list shall be made by the appointing authority, subject to approval by the commission."

3. R.C. 124.271 provides that "[a]ny employee in the classified service of the state or any county [or] city * * * who is *appointed* to a position under section 124.30 of the Revised Code, and either demonstrates merit and fitness for the position by successfully completing the probationary period for the position or remains in the position for a period of six months of continuous service, whichever period is longer, shall become a permanent appointee in the classified service at the conclusion of that period."

**{¶ 15}** Judgment affirmed.


RINGLAND and M. POWELL, JJ., concur.