DOUGHTON, APPELLANT, *v.*
VILLAGE OF MARIEMONT, APPELLEE.

(No. C-830438—Decided May 23, 1984.)

*Mr. Timothy M. Burke* and *Mr. Andrew S. Lipton,* for appellant.

*Mr. Kenneth Heuck, Jr.,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Municipal Court of Hamilton County, Ohio.

Appellant, Charles Doughton, was employed by appellee, village of Mariemont, a non-charter village, as a police officer. Upon the termination of his employment, appellant was given thirty days' severance pay pursuant to Ordinance No. 0-19-80 of the village of Mariemont. Appellant filed suit seeking pay for accumulated sick leave under R.C. 124.38 and 124.39, which appellee refused. This timely appeal follows the trial court's granting of a motion for summary judgment in favor of appellee.

Appellant's sole assignment of error alleges:

"The court below erred in granting defendant's motion for summary judgment while denying plaintiff's motion for summary judgment."

The provisions for employee sick leave are set forth in R.C. 124.38 and 124.39. R.C. 124.38 provides in pertinent part:

"Each employee in the various offices of the county, municipal, and civil service township service * * * shall be entitled for each completed eighty hours of service to sick leave of four and six-tenths hours with pay. * * * Unused sick leave shall be cumulative without limit."

In addition, R.C. 124.39(B) provides in pertinent part that an employee may elect:

"* * * at the time of retirement from active service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, to be paid in cash for one-fourth the value of his accrued but unused sick leave credit."

Appellant argues that these sick leave provisions are not civil service statutes, but general statutes of statewide effect. Appellant contends that the court below erred in holding that R.C. 124.38 and 124.39 are civil service statutes and thus inapplicable to non-charter villages such as Mariemont. Appellant further argues that, as laws of general nature, R.C. 124.38 and 124.39 must be uniformly applied throughout the state and that therefore, non-charter villages such as Mariemont are obligated to act in accordance with these statutes. We disagree.

Appellant concedes that the Ohio civil service provisions do not apply to village employees. See *Christensen* v. *Hagedorn* (1962), 174 Ohio St. 98 [21 O.O.2d 360]; *State, ex rel. Heffernan,* v. *Serp* (1932), 125 Ohio St. 87, 88. Therefore, if R.C. 124.38 and 124.39 are part of the civil service provisions, appellant, as an employee of a village, is not covered by these provisions and is not entitled to the accumulated sick pay.

We find that R.C. 124.38 and 124.39 are part of the Ohio civil service provisions and, as such, are inapplicable to the village of Mariemont. R.C. 124.38 and 124.39 are included in R.C. Chapter 124, which is commonly known as the Civil Service Act. R.C. Chapter 124 con-

tains the statutes pertaining to Ohio civil service employment, including merit and fitness, classification, requirements and employee benefits. The physical placement of R.C. 124.38 and 124.39 within R.C. Chapter 124 along with all of the other civil service statutes logically mandates the conclusion that R.C. 124.38 and 124.39 are part of the civil service provisions, and we so hold. Appellant has not cited any authority which holds that R.C. 124.38 and 124.39 are not part of Ohio's civil service statutes and we are unaware of any such authority.

We hold that appellant, a former village police officer, is not entitled to pay for accumulated sick leave under the civil service provisions of R.C. 124.38 and 124.39. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.