OPINION
{¶ 1} Plaintiff-Appellant, Robert M. Williams, was discharged from his employment as a police officer by the Village of Yellow Springs ("Village") on January 2, 2003. Williams commenced an action against the Village in the court of common pleas on claims for unlawful discharge, a violation of his civil rights, and that the Village had violated its own charter by denying him a right of post-termination appeal its charter guaranteed.
{¶ 2} After responsive pleadings were filed, the Village filed a Civ.R. 12(C) motion for judgment on the pleadings. The trial court granted the motion as to all claims except Williams' claim that the Village had violated its charter. On that matter, the court remanded the case for the post-termination appeal which Williams had been denied.
{¶ 3} Williams filed a timely notice of appeal. While the record does not reflect the fact, counsel for both sides advised this court at oral argument that the post-termination appeal proceeding ordered by the trial court had been held, with Williams' full participation, and that the result was an affirmance of his termination.
{¶ 4} First Assignment of Error
{¶ 5} "The trial court erred by dismissing the plaintiff's claims for due process violation."
{¶ 6} Second Assignment of Error
{¶ 7} "The trial court erred in ordering remand for a further hearing as remedy for failing to give the required post-termination hearing."
{¶ 8} Third Assignment of Error
{¶ 9} "Trial court erred in holding that plaintiff has no appellate rights under R.C. 737.19."
{¶ 10} While these assignments of error present different issues of law, each turns on whether Williams is now entitled to a post-termination appeal he was denied.
{¶ 11} The general rule is "that a party who has taken advantage of a judgment or decree may not afterwards question its validity." City of Columbus v. Mosko Realty Company (Franklin App., 1958), 79 Ohio Law Abstract 83, at 84. Williams received the benefit of the judgment from which this appeal is taken when he had a post-termination hearing held in accordance with the mandate of that judgment.
{¶ 12} Where the order complained of on appeal is "separable and not necessarily affected by that part of the order of which [the appellant] received benefits," an exception to the general rule is made. Nelson v. Nelson (Franklin App., 1933), 14 Ohio Law Abstract 510, at 512. In the case before us, the trial court's order denying the remedy of reinstatement Williams sought cannot be severed from its order remanding the matter for the post-termination appeal, because to reverse the order and order reinstatement would be inconsistent with the remand the trial court ordered and which was held.
{¶ 13} Where the appellant's acceptance of the benefits of the judgment from which the appeal is taken is the product of "extreme financial duress," and the appellant has attempted, unsuccessfully, to obtain relief from the judgment during the pendency of the appeal, an exception to the general rule is made.Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. In the case before us, we have not been made aware of any effort that Williams may have made, unsuccessfully, to stay the post-termination hearing in the Village Council during the pendency of his appeal to this court. Consequently, the "duress" exception to the general rule cannot be invoked.
{¶ 14} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Brogan, J., concur.