OPINION
{¶ 1} Plaintiff-appellant Robert M. Williams appeals from a decision of the Greene County Court of Common Pleas issued on November 30, 2004, which sustained defendant-appellee Village of Yellow Springs' (hereinafter "Village") Motion to Dismiss Williams' second Notice of Administrative Appeal and Complaint for Declaratory Judgment. Williams filed a notice of appeal with this Court on December 30, 2004.
 I {¶ 2} We set forth the history of the case in Williams v. Village ofYellow Springs (October 22, 2004) Greene App. No. 03CA77, 2004-Ohio-5807
(hereinafter "Williams I"), and repeat it herein in pertinent part:
 {¶ 3} "[Williams] was discharged from his employment as a police officer by the [Village] on January 2, 2003. Williams commenced an action against the Village in the court of common pleas on claims for unlawful discharge, a violation of his civil rights, and that the Village had violated its own charter by denying him a right of post-termination appeal its charter guaranteed.
 {¶ 4} "After responsive pleadings were filed, the Village filed a Civ. R. 12(C) motion for judgment on the pleadings. The trial court granted the motion as to all claims except Williams' claim that the Village had violated its charter. On that matter, the court remanded the case for the post-termination appeal which Williams had been denied.
 {¶ 5} "Williams filed a timely notice of appeal. While the record does not reflect the fact, counsel for both sides advised this [C]ourt at oral argument that the post-termination appeal proceeding ordered by the trial court had been held, with Williams full participation, and the result was an affirmance of his termination." Williams I, supra.
 {¶ 6} Pertinent to this appeal, we affirmed the decision of the trial court and concluded that because Williams had attended the post-termination hearing, he had taken full advantage of the trial court's ruling and was, therefore, precluded from questioning that ruling's validity. Williams I, supra.
 {¶ 7} On December 4, 2003, Williams filed a second complaint in the court of common pleas which is the subject of the present appeal. In his second complaint, Williams raised certain issues with respect to the post-termination hearing and the Village Appeals Board's subsequent decision which affirmed his termination from the Yellow Spring's police force. In response, the Village filed a motion to dismiss wherein it argued that the issues presented in Williams' first complaint were the same as those he raised in his second complaint. On November 30, 2004, the trial court concluded that the issues raised in Williams' second complaint were the same as those raised in the first and sustained the Village's motion to dismiss.
 {¶ 8} It is from this judgment that Williams now appeals.
 II {¶ 9} Williams' sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT DISMISSED THIS CASE BECAUSE THE ISSUES IN WILLIAMS I AND WILLIAMS II ARE DIFFERENT."
 {¶ 11} In his sole assignment, Williams contends that the trial court erred when it sustained the Village's motion to dismiss and held that the issues in Williams' second complaint were the same as those in his first complaint. Williams asserts that the two complaints are factually distinguishable and raise different issues. In light of that assertion, Williams argues that the doctrine of the law of the case and the doctrine of res judicata do not apply to the second complaint. Lastly, Williams argues that, pursuant to R.C. §§ 737.19(B) and 2506.01, he has a statutory right to appeal the decision of the Village Appeals Board which affirmed the termination of his employment.
 {¶ 12} In order for a court to dismiss a complaint pursuant to Civ. R. 12(B)(6) (failure to state a claim upon which relief can be granted), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. OhioState Highway Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In construing a complaint based upon a motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753. Appellate review of a ruling on a Civ. R. 12(B)(6) motion presents a question of law to be decided independently of the trial court's determination. Accordingly, the appropriate standard of review is de novo. Mitchell, supra.
 {¶ 13} We begin our analysis in this matter with a discussion of the trial court ruling which led to Williams' first appeal to this court inWilliams I. In that opinion the Greene County Court of Common Pleas held that pursuant to Village Charter § 85, Williams was entitled to an appeal process with respect to his termination. Charter § 85 Discharge and Appeal states in pertinent part:
 {¶ 14} "The Village Manager may discharge an employee for cause during the probationary period. The Village Manager may discharge a classified employee for cause, but the employee shall be entitled to the right of appeal. Within two weeks after discharge a discharged employee who desires to appeal for reinstatement must give notice of appeal in writing to the Village Manager. Not later than its next regular meeting Council shall as resolution appoint and name an appeal board of three disinterested and qualified persons, who are electors of the Village of Yellow Springs and shall name the chairman. The appeal board shall decide by a majority vote the merits of the appeal and may affirm or disaffirm the action of the Village Manager. The appeal board may reinstate the Employee with full pay, or if it deems just and proper the board may reinstate the employee with partial pay or without pay. The appeal board may require the attendance of such witnesses and the production of such records, documents, and books and other material and it may take the depositions of witnesses within or without Greene County, Ohio . . ."
 {¶ 15} In light of the language in this section of the Village Charter, the trial court held that Williams was entitled to a post-termination hearing conducted according to the Village Charter § 85. In the same opinion, however, the trial court held that the pre-disciplinary hearing Williams was afforded by the Village satisfied his due process rights that he claimed were violated when he was terminated. As stated earlier, Williams appealed the trial court's decision but attended the post-termination hearing during the pendency of the appeal. In Williams I, we affirmed the trial court, stating:
 {¶ 16} "The general rule is `that a party who has taken advantage of a judgment or decree may not afterwards question its validity.' City ofColumbus v. Mosko Realty Company (Franklin App. 1958), 79 Ohio Law Abstract 83, at 84. Williams received the benefit of the judgment from which this appeal is taken when he had a post-termination hearing held in accordance with the mandate of that judgment."
 {¶ 17} By virtue of our holding in Williams I, Williams was entitled to a post-termination hearing of which he availed himself, but he was no longer able to claim that his due process rights were violated by the Village when he was terminated. Insofar as we affirmed the decision of the trial court above, that holding became the law of the case.
 {¶ 18} The Supreme Court of Ohio has summarized the doctrine of the law of the case, stating that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4. Considered by the Supreme Court to "be a rule of practice rather than a binding rule of substantive law," the rule is necessary to "ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." State ex rel. Potain v. Matthews (1979),59 Ohio St.2d 29, 32. However, application of the rule should not produce an unjust result. Gohman v. St. Bernard (1924), 111 Ohio St. 726, 730-31, overruled on other grounds.
 {¶ 19} In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Charles A.Burton, Inc. v. Durkee (1954), 162 Ohio St. 433. Where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.Nolan, supra. Moreover, the trial court is without authority to extend or vary the mandate given. Briggs v. Pennsylvania RR. Co. (1948),334 U.S. 304, 306.
 {¶ 20} Because we affirmed the holding of the trial court in WilliamsI, the doctrine of the law of the case prevents Williams from further claiming that his due process rights were violated by his termination. Other than stating that Williams was entitled to a hearing, neither the holding of the trial court nor our affirmance of said holding dealt with the actual post-termination hearing, itself. Both parties agree that Williams' second complaint lists a number of facts and claims that relate solely to the post-termination hearing and the subsequent Appeals Board decision affirming Williams' termination. To the extent Williams' second complaint constitutes an appeal of the events which occurred at the post-termination hearing and the Appeals Board decision, the doctrine of the law of the case and res judicata do not apply. Res judicata is a substantive rule of law that applies to a final judgment, whereas the law of the case doctrine is a rule of practice analogous to estoppel. Hopkinsv. Dyer (2004), 104 Ohio St.3d 461, 820 N.E.2d 329, 2004-Ohio-6769, citing, Gohman v. St. Bernard (1924), 111 Ohio St. 726, 730, 733,146 N.E. 291. As Williams correctly notes, no court has ever reviewed the events of the post-termination hearing or the Appeals Board decision.
 {¶ 21} Thus, we hold that under R.C. § 2506.01, Williams is entitled to appeal the decision of the Appeals Board to the common pleas court. R.C. 2506.01 states in pertinent part:
 {¶ 22} "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter. The appeal provided in this chapter is in addition to any other remedy of appeal provided by law."
 {¶ 23} The right to an appeal pursuant to R.C. § 2506.01 contemplates appeals from quasi-judicial proceedings only. M.J. Kelley Co. V.Cleveland (1972), 32 Ohio St.2d 150, 290 N.E.2d 562. In Kelley, supra, the Ohio Supreme Court set forth three elements necessary for the act of the administrative agency to constitute a quasi-judicial proceeding: 1) notice, 2) a hearing, and 3) the introduction of evidence, and thus subject the act to judicial review under R.C. § 2506.01. Id. At 153. Another factor the court considered was whether the act involved the use of discretion. Id. Williams' second complaint arose out of an administrative action that was clearly quasi-judicial in nature.
 {¶ 24} In the instant case, the trial court erred when it dismissed Williams' second complaint because it was the "same" as the first complaint. The record supports Williams' claim that his second complaint raises issues that dealt specifically with events in the post-termination hearing and the Appeals Board's decision, and those issues have never been the subject of review in any court. Thus, said issues are sufficiently distinct to warrant their review by the court of common pleas. However, Williams is precluded from relitigating those portions of his second complaint which were already adjudicated upon dealing with his due process rights and initial termination.
 {¶ 25} Williams' sole assignment is sustained.
 III {¶ 26} Williams' sole assignment of error having been sustained, this judgment of the trial court is reversed and vacated, and this matter is remanded for further proceedings consistent with this opinion.
 {¶ 27} Judgment reversed, and cause remanded.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).